I fully concur in the majority's analysis and disposition of appellant's first and second assignments of error. As to appellant's third assignment of error, unlike the majority, I do not believe the fact the fine was conditional renders it not ripe for review under R.C. 2929.18(A)(2). Appellant, appellee, and the majority all quote R.C. 2929.18(A)(2) as being the applicable statute. The statute provides, in pertinent part, the amount of a fine is to be "based on a standard percentage of the offender's daily income over a period of time determined by the court and based upon the seriousness of the offense." The record reflects appellant receives $500/month social security benefits. The trial court gave appellant one year to complete the anger management program in lieu of payment of the fine. As such, appellant effectively had one year to pay the fine. Obviously, the trial court felt the crime was serious as reflected by its order of consecutive sentences. What the legislature means by a "standard percentage" is unknown to me and not discussed by the parties. Based upon the above evidence, the trial court did not abuse its discretion in sentencing appellant to pay a $1000.00 fine.